[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Integrity Investments ("Plaintiff") appeals the April 24, 2003 decision of the Zoning Board of Review of the Town of Johnston ("Defendant"), denying its request for a use variance.
The facts are undisputed. Plaintiff purchased an undeveloped 5,000 square foot lot of land in Johnston in May of 1973. At that time the land was zoned residential. Subsequently, but without plaintiff's request, the Town rezoned the land to B-2, a commercial zone. The surrounding neighborhood is heavily developed and consists mainly of single family dwellings of various sizes, many on non-conforming lots similar to plaintiff's. Plaintiff applied for both a use and dimensional variance from defendant in order to build a single family home on the subject lot. Plaintiff, represented by legal counsel with expert witnesses, appeared at the defendant's April 24, 2003 hearing which had been duly advertised. Defendant, without allowing the plaintiff to proceed, concluded that it did not have jurisdiction to hear the matter since a residence is not allowed in a B-2 zone. After suggesting that plaintiff should have sought a zone change from the Johnston Town Council, and despite plaintiff's protestation that it wished to proceed with full hearing that night, defendant voted unanimously not to hear the application.[1]
Plaintiff appeals to this Court alleging that defendant acted arbitrarily and capriciously in its decision, and in so doing violated its rights to procedural due process under the 14th Amendment to the U.S. Constitution, and further resulted in a taking by the Town without just compensation in violation of the 5th Amendment to the U.S. Constitution. Defendant contends it had no authority to act, because it would be interfering with the exclusive power of the Town Council to grant zone changes.
 Standard of Review
The standard of review from a town zoning board that this Court must undertake is outlined in R.I. Gen. Laws § 45-24-69(d). It states:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Town Councils and their Zoning Boards of Review have often been at loggerheads over the granting of use variances. Councils argue that the granting of these variances by zoning boards usurps their authority and are nothing more than zone changes in disguise. Zoning Boards, on the other hand, often contend that variances are a tool granted to them for those rare cases where the literal terms of the ordinance would deny the property owner of all beneficial use of his land, thus amounting to confiscation.[2]
R.I. Gen. Laws § 45-24-31(61) defines use and dimensional variances as follows:
 Variance. Permission to depart from the literal requirements of a zoning ordinance. An authorization for the construction or maintenance of a building or structure, or for the establishment or maintenance of a use of land, which is prohibited by a zoning ordinance. There are only two (2) categories of variance, a use variance or a dimensional variance.
 (i) Use variance. Permission to depart from the use requirements of a zoning ordinance where the applicant for the requested variance has shown by evidence upon the record that the subject land or structure cannot yield any beneficial use if it is to conform to the provisions of the zoning ordinance.
 (ii) Dimensional Variance. Permission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations. However, the fact that a use may be more profitable or that a structure may be more valuable after the relief is granted are not grounds for relief.
And, § 45-24-41 (c) of the General Laws sets forth the standards which Zoning Boards must use to grant a variance:
 (c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
If there were ever a case where an application for a use variance would at least be entitled to a full hearing before a zoning board, this is it. Through no fault of its own, the Town re-classified plaintiff's land from residential to business making it a non-conforming lot. The lot's size and relationship to an abutting residential zone gives it unique characteristics, especially since the B-2 set back requirement of 50 feet is the entire width of the parcel. Additionally, the general character of the surrounding area is a mixed use containing single family residences.[3]
There is no question the defendant did not give plaintiff the hearing it was entitled to, even though it sought one. The defendant violated the requirements of both §§ 45-24-41(c) and (d) in not requiring the recording of evidence. This arbitrary and capricious action by the defendant was a clear violation of the plaintiff's right to procedural due process under the 14th Amendment.[4]
The matter is therefore remanded to the defendant, Zoning Board of Review for a full hearing on the application for use and dimensional variances in accordance with § 45-24-41(c). The Court points out to the defendant Board that depending upon the evidence presented, if all the requirements of § 45-24-41(c) are met, it does have the authority to grant said variance despite the fact that a residence is not permitted in a B-2 zone. Since the appeal resulted from the defendant's arbitrary action, any new application fee shall be waived, and all costs associated with advertising and notifying abutters shall be borne by the defendant.
Counsel shall prepare an Order for entry in accordance with this Decision.
[1] While the "decision" of the defendant dated October 20, 2004 suggests that a full hearing was conducted, a review of the transcript clearly indicates that was not so.
[2] The Court recognizes the defendant did not make this argument.
[3] Ironically, defendant's suggestion that plaintiff first seek a change of zone, and then come back for a dimensional variance from the zoning board, if necessary, could result in a self created hardship which could prevent the variance being granted. Sciacca v. Caruso, 769 A.2d 578
(2001).
[4] Because the matter is being remanded for a full hearing, the Court will not consider the plaintiff's taking claim at this time.